IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JODIE LOUIS BYERS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:24-cv-00173-L (BT) |
| | § | |
| DIRECTOR, TDCJ-CID | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* litigant Jodie Louis Byers filed a 65-page document entitled "Original Writ of Habeas Corpus," ECF No. 3, as well as other documents in support, which, combined, total 660 pages. *See* ECF No. 4. Byers's claims are difficult to discern; but because he labeled his operative filing as a petition for a writ of habeas corpus, captioned his filings with the cause and CID numbers of ongoing criminal proceedings against him in Tarrant County, and appears to attack his ongoing state criminal proceedings, the Court construed his filing as a petition for federal habeas relief under 28 U.S.C. § 2241.[1] But Byers did not file his § 2241 petition on a court-approved form. Accordingly, the Court issued a notice of deficiency and order (NOD), directing him to file an amended § 2241 petition on the court-approved

---

[1] Section 2241 is the appropriate vehicle for pretrial challenges to state criminal proceedings. *See, e.g.*, *Poling v. Dallas County Sheriff*, 2023 WL 9183679, at *1 (N.D. Tex. Dec. 15, 2023), *rec. accepted* 2024 WL 102934 (N.D. Tex. Jan. 9, 2024) ("Challenges raised in a pretrial habeas petition are governed by 28 U.S.C. § 2241.") (citing *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998)).

form by March 4, 2024, and supplying the form necessary for compliance. ECF No. 9 at 1. The Court further instructed Byers that any amended § 2241 petition must comply with Federal Rule of Civil Procedure 8, which mandates, in pertinent part, that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and also requires allegations to "be simple, concise, and direct." FED. R. CIV. P. 8(a)(2) & (d)(1). Finally, the Court instructed Byers that, to the extent that he seeks to raise claims under 42 U.S.C. § 1983 (or some other non-habeas statute), such claims must be raised in a separate civil action because federal habeas courts could only consider federal habeas petitions on grounds that the petitioner is in custody in violation of the Constitution or federal law. ECF No. 9 at 2. The Court sent him a standard 42 U.S.C. § 1983 complaint form in case he wished to proceed with non-habeas claims in a separate action.

Byers has not filed an amended § 2241 petition on the court-approved form, and his time to do so has passed. Nor has Byers objected to the Court's characterization of his case as a § 2241 action or otherwise responded to the Court's NOD. Given his failure to comply with a court order, the Court recommends that Byers's case be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

**Legal Standards and Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to

control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

     Here, Byers's failure to comply with the NOD prevents this case from proceeding. Specifically, the court-approved form for § 2241 petitions allows the litigant to present his or her claims for relief in an organized and concise manner in accordance with Federal Rule of Civil Procedure 8, which, in turn, allows the Court to meaningfully evaluate those claims. The form is also designed to discover whether the petitioner has cleared procedural hurdles before filing suit, such as exhaustion of available state remedies. Because Byers has failed to file an amended § 2241 petition on the Court-approved form, the nature of Byers's complaints and legal theories, and to which criminal proceedings they relate, remains unclear. Nor can the Court discern whether Byers exhausted available state administrative remedies before filing suit. Instead, the Court is left with his lengthy filings that are contrary to Federal Rule of Civil Procedure 8. For example, Byers's petition for a writ of habeas corpus is 65 pages long. ECF No. 3. And accompanying the petition is a 136-page "Criminal Complaint of Equity," which consists mostly of recitations

3

of legal standards, references to sovereign citizen theories,[2] and citations to federal statutes without explanation. *See generally* ECF No. 3-1.

Given these circumstances, the Court should dismiss Byers's case without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow Court orders.

## Recommendation

The Court should dismiss Byers's habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court unless Byers files an amended § 2241 petition consistent with Federal Rule of Civil Procedure 8 within the time frame for objecting to this recommendation.

SO RECOMMENDED.

April 22, 2024.

---

[2] Sovereign citizen legal arguments and theories "are not valid in the courts of the United States" and have been overwhelmingly rejected for years as frivolous and "indisputably meritless." *Mack v. Sweet*, 2017 WL 6756667, at *3-4 (N.D. Tex. Dec. 4, 2017), *rec. accepted* 2017 WL 6729630 (N.D. Tex. Dec. 28, 2017) (citing *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)); *see also Watson v. Tex. State Univ.*, 829 F. App'x 686, 686 (5th Cir. 2020) (per curiam). Further, claims "that seem to derive from the so-called 'sovereign[-]citizen movement' are legally frivolous." *Davis v. FNU LNU*, 2021 WL 3353969, at *7 (N.D. Tex. July 13, 2021) (internal quotations omitted) (quoting *Westfall v. Davis*, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), *rec. accepted* 2018 WL 2414794 (N.D. Tex. May 29, 2018) (noting that "[s]overeign-citizen legal arguments . . . are indisputably meritless")); *Hughes v. Shannon*, 2021 WL 1093110, at *5 (N.D. Tex. Mar. 2, 2016), *rec. accepted* 2021 WL 1088440 (N.D. Tex. Mar. 22, 2021); *see also United States v. Weast*, 811 F.3d 743, 746, n.5 (5th Cir. 2016).

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

5